***E-FILED 10-15-2010***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KELLI COMBS, an individual, | No. C10-01120 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER ALLOWING SERVICE BY PUBLICATION** |
| v. | |
| JOHN DOE, an individual; JANE DOE, an individual; JAMES DIAZ, an individual; and LUIS CINTRON, an individual, | [Re: Docket No. 7] |
| Defendants. | |

Plaintiff Kelli Combs sues for the alleged theft of the website www.csrnation.com (and other related domain names) by one or more cybercriminals. Combs says that she has been unsuccessful in her efforts to effect personal service because defendants have taken steps to hide their true identities and whereabouts. She moves for leave to serve defendants by publication and also requests an extension of time to effect such service.

Service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* FED. R. CIV. P. 4(e)(1). Service by publication is permitted under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .

(1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

CAL. CODE CIV. PROC. § 415.50(a)(1). Here, plaintiff's complaint, at the very least, states a claim for conversion against defendants. The question, then, is whether defendants cannot with reasonable diligence be served by other means.

"Because of due process concerns, service by publication must be allowed only as a last resort." *Duarte v. Freeland*, No. C05-2780EMC, 2008 WL 683427 *1 (N.D. Cal., Mar. 7, 2008) (internal quotations and citations omitted). Due process of law generally requires "notice, reasonably calculated, under all the circumstances, to appraise interested parties of pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950). While a plaintiff must make reasonably diligent efforts to locate a defendant, "extraordinary efforts to discover the identity and whereabouts" of a defendant are not required. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n. 4, 103 S. Ct. 2706, 77 L.Ed.2d 180 (1983). "Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane*, 339 U.S. at 317.

Here, plaintiff has conducted an internet WHOIS search, hired a private investigator, and subpoenaed several internet companies in an effort to discover defendants' true identities. Her investigation led to discovery of a "James Diaz," ostensibly a California resident, who also has a P.O. Box in Washington, D.C. Plaintiff says that she served Diaz at the P.O. Box only to discover that the box is actually registered to a "Luis Cintron," who may or may not be one and the same person as Diaz. (Stebbins Decl. ¶¶ 7-8). Subsequent investigation revealed that Diaz's contact information is entirely fake. According to plaintiff's investigator, Diaz's identified phone number is a Google switchboard number which is used to hide a subscriber's actual phone number, and Diaz's purported residence address is actually part of a parking lot adjacent to a Home Depot in Fresno, California. (Gudelj Decl. ¶¶ 2-4; Stebbins Decl. ¶ 11).

2

1  All leads having turned to dead ends, plaintiff requests leave to serve Diaz by publication in
2  Fresno, California and Washington, D.C., the two areas where he is believed to be located.
3  Plaintiff says that she will also serve another copy of the complaint and summons to two email
4  addresses (i.e., customer.service.rep.nation@gmail.com and james@csrnation.com) believed to
5  be used by Diaz.

6  Under the circumstances here, plaintiff's motion for leave to serve defendants by
7  publication is granted.  Plaintiff shall have 90 days from the date of this order in which to effect
8  service.  The case management conference set for October 26, 2010 is continued to **January 25,**
9  **2011, 1:30 p.m.**  A status report shall be filed no later than January 18, 2011.

10  SO ORDERED.

11  Dated:   October 15, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:10-cv-01120-HRL Notice has been electronically mailed to:

Dawn C Sweatt     dcs@svlg.com

James Francis Landrum , Jr     jay@svlg.com

Michael William Stebbins     mws@svlg.com, amt@svlg.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4