**United States District Court**
For the Northern District of California

1

2                                              *E-FILED 02-23-2011*

3

4

5

6

7                           NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11   KELLI COMBS, an individual,              No. C10-01120 HRL

12                                            **ORDER THAT CASE BE REASSIGNED**
                    Plaintiff,                **TO A DISTRICT COURT JUDGE**
13        v.
                                              **REPORT AND RECOMMENDATION**
14   JOHN DOE, an individual; JANE DOE, an
     individual; JAMES DIAZ, an individual; and
15   LUIS CINTRON, an individual,             **[Re:   Docket No. 24]**

16                  Defendants.
                                         /
17

18                           **BACKGROUND**

19        Plaintiff Kelli Combs ("Combs") is a court reporter who claims to be the rightful

20   owner of "www.CSRNation.com" ("the Website") and the following five domain names:

21   (a) CSRnation.com; (b) CSRnation.net; (c) CSRnation.org; (d) CSRnation.us; and

22   (e) CSRnation.biz ("the Domain Names").  (Docket No. 27, Combs Decl. ¶ 2).  According

23   to Combs, the Website was established in January 2008 and had been growing in

24   popularity as a social network enabling court reporters to collaborate, network and locate

25   projects.  (Id. ¶¶ 2, 4).  In sum, plaintiff claims that defendant James Diaz[1] stole her

26   Domain Names and deleted the Website.  Specifically, Combs alleges that Diaz hacked

27   into her email account and fraudulently obtained a new password, which enabled him to

28

_____

        [1]      As explained below, Diaz's true identity is unknown; and, there is some
question whether he is, in fact, one and the same person as defendant "Luis Cintron."  (See,
e.g., Complaint ¶5).  For simplicity, this court will refer to defendant as "Diaz" here.

**United States District Court**
For the Northern District of California

1  transfer the Domain Names and to delete the Website.  She sues for conversion; violation

2  of the Computer Fraud and Abuse Act (18 U.S.C. § 1030, et seq.); violation of the

3  Electronic Communications Privacy Act (18 U.S.C. § 2701 et seq.), violation of California

4  Penal Code § 502; and for declaratory relief.  In her complaint, Combs also requests "such

5  other injunctive relief as Combs may request and the Court may deem just and proper."

6  (Docket No. 1, Complaint at 9).

7       Plaintiff took some pains to discover Diaz's true identity.   However, all of the

8  contact information she obtained turned out to be fake.  (See, e.g., Docket Nos. 8-9).

9  Combs was given leave to effect service by publication.  (Docket No. 14).  She says that

10 she did so.  Diaz did not respond.  Nor has he appeared in this action.  Default was entered

11 against him on December 22, 2010.  (Docket No. 20).

12       Now before the court is Combs' motion for default judgment.  The matter is

13 deemed suitable for determination without oral argument, and the March 1, 2011 hearing

14 is vacated.  CIV. L.R. 7-1(b).  For the reasons stated below, this court recommends that

15 plaintiff's motion for entry of judgment be granted in part.

16                              **LEGAL STANDARD**

17       After entry of default, courts may, in their discretion, enter default judgment.  See

18 FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding

19 whether to enter default judgment, a court may consider the following factors:  (1) the

20 possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim;

21 (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the

22 possibility of a dispute concerning material facts; (6) whether the default was due to

23 excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

24 Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th

25 Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint

26 are taken as true, except those relating to damages.  TeleVideo Sys., Inc. v. Heidenthal,

27 826 F.2d 915, 917-18 (9th Cir. 1987).  When the damages claimed are not readily

28 ascertainable from the pleadings and the record, the court may conduct a hearing to

1   conduct an accounting, determine the amount of damages, establish the truth of any

2   allegation by evidence, or investigate any other matter.  FED. R. CIV. P. 55(b)(2).

3                                  **DISCUSSION**

4   A.     Default Judgment

5          All of the Eitel factors favor entry of default judgment here.  Plaintiff's claims

6   have merit and are sufficiently pled.  Combs says that she presently is seeking only a

7   portion of the total damages to which she believes she is entitled.  And, because all

8   liability-related allegations are deemed true, there is no possibility of a dispute as to

9   material facts.  Moreover, Diaz has failed to appear or present a defense in this matter;

10  and, there is no indication that his default was due to excusable neglect.  While the court

11  prefers to decide matters on the merits, Diaz's failure to participate in this litigation makes

12  that impossible.  A default judgment against Diaz appears to be Combs' only recourse.

13  B.     Damages and Attorney's Fees

14         Combs seeks $35,000, which sum includes plaintiff's claimed actual damages for

15  the conversion of the Website and Domain Names, as well as attorney's fees.[2]

16         Under California law, an internet domain name is property that can serve as the

17  basis for a registrant's conversion claim.  Kremen v. Cohen, 337 F.3d 1024, 1030 (9th Cir.

18  2003).  "To establish that tort, a plaintiff must show 'ownership or right to possession of

19  property, wrongful disposition of the property right and damages.'"  Id. at 1029 (quoting

20  G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 906 (9th Cir.

21  1992)).  "Conversion is a strict liability tort."  Mendoza v. Rast Produce Co., Inc., 140

22  Cal. App.4th 1395, 1405, 45 Cal.Rptr.3d 525 (2006).  "The measure of damages for a

23  conversion claim is presumed to be the amount equal to the value of the property at the

24  time of conversion and an amount sufficient to compensate plaintiff for the pursuit of the

25  property."  Express Media Group, LLC v. Express Corp., No. C06-03504, 2007 WL

26  _____

27         [2]     Combs purports to reserve her rights to seek any other remedies to which she
    may be entitled under the other claims for relief asserted in her complaint.  She cites no

28  authority for seeking judgment in such piecemeal fashion.  Suffice to say that this Report and
    Recommendation concerns only the relief that Combs seeks in connection with her claim for
    conversion.

United States District Court
For the Northern District of California

1394163 *4 (N.D. Cal., May 10, 2007) (Alsup, J.) (citing Cal. Civ. Code § 3336)). Lost profits associated with the conversion may also be included. See Mendoza, 140 Cal. App.4th at 1405.

Here, Combs' allegations are taken as true and show that she is the rightful owner of the Website and Domain Names, which Diaz stole by hacking into her email account. In her declaration, Combs accounts for her claimed expenses and lost profits suffered as a result of defendant's conversion. The expenses incurred—i.e., $7,500 for Website design, $4,500 in advertising, $500 for purchase and registration of the Domain Names—all appear to be reasonable. Combs Decl. ¶ 4. Additionally, given the number of users, both in volume and in their frequency of visitation to the Website, coupled with Combs' plans to begin charging a $50 annual registration fee, the $7,500 in lost profits appears reasonable as well. Id. Accordingly, Combs should be awarded $20,000 in actual damages.

Combs also seeks $15,000 in attorneys' fees. Under the "bedrock principle known as the 'American Rule,'" however, "[e]ach litigant pays its own attorney's fees, win or lose, unless a statute or contract provides otherwise." Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2157 (2010). Combs fails to cite any authority for a fees award in her motion. Nor does she cite any authority for the proposition that fees properly may be awarded as part of her claimed actual damages for conversion. While paragraphs 37 and 44 of her complaint indicate that fees are available under the Electronic Communications Privacy Act, see 18 U.S.C. § 2520(b)(3), and the California Penal Code, see § 502(e)(2), Combs says that she is not presently seeking relief under either one of those claims. Moreover, Combs has not submitted any declaration(s) identifying the pertinent attorney billing rate(s), much less explaining why the time spent and rate(s) charged are reasonable given the nature of the work performed. Accordingly, her request for fees should be denied.

4

United States District Court

For the Northern District of California

1  C.      Declaratory Relief

2          Combs seeks a declaration that she is the rightful owner of the Website and

3  Domain Names.  As discussed above, all of Combs' factual allegations are deemed true.

4  And, because the host companies require a court order identifying the rightful owner of

5  the Website and Domain Names, declaratory relief is proper and necessary.

6  D.      Injunctive Relief

7          Plaintiff also requests an order (a) requiring Diaz to immediately deliver to her (or

8  her agent or representative), possession of, access to, and control over the Website and

9  Domain Names; and (b) enjoining Diaz (or any other defendant) from accessing or

10 tampering with any of her accounts, including those related to her e-mail, the Domain

11 Names, and the Website.  As discussed above, all of Combs' factual allegations are

12 deemed true.  In light of defendants' failure to appear in his action or relinquish control

13 over the accounts, this court finds that a permanent injunction is appropriate.  Further, the

14 registrar should be authorized to transfer the Website and Domain Names to plaintiff, at

15 plaintiff's request and upon providing a copy of the order, whether or not defendant has

16 authorized the transfer.  See, e.g., Ringcentral, Inc. v. Quimby, 711 F. Supp.2d 1048, 1051

17 (N.D. Cal. 2010).

18                              **CONCLUSION**

19         Because not all parties have consented to the undersigned's jurisdiction, this court

20 ORDERS the Clerk of Court to reassign this case to a District Court Judge.  The

21 undersigned further RECOMMENDS that the newly-assigned judge:

22         1.      Declare Combs to be the sole owner of the Website and the Domain Names.

23         2.      Order defendant to immediately transfer to Combs, or her agent or

24 representative, possession of, access to, and control over the Website and Domain Names.

25 Further, the registrar should be authorized to transfer these names to plaintiff, at plaintiff's

26 request and upon providing a copy of the court's order, whether or not defendant has

27 authorized the transfer.

28

United States District Court

For the Northern District of California

3.      Issue a permanent injunction enjoining defendant and each of his agents, servants, employees and all other persons acting in concert or participation with him, from (a) using, attempting to use, transferring, selling, or otherwise distributing, directly or indirectly, any of the Domain Names; (b) accessing plaintiff's accounts with AOL, Ning, GoDaddy, or any other internet service provider, web hosting platform, domain name service provider, or other internet related business service provider; and (c) using, attempting to use, accessing, attempting to access, altering, modifying, destroying, or in any way tampering with the Website.

4.      Award Combs $20,000 in actual damages.

Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Dated:   February 23, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:10-cv-01120-HRL Notice has been electronically mailed to:

2   Dawn C Sweatt   dcs@svlg.com

3   James Francis Landrum , Jr   jay@svlg.com

4   Michael William Stebbins   mws@svlg.com, amt@svlg.com

5   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California